

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 24334707**
**Date Processed: 01/17/2022**

| | |
|---|---|
| **Primary Contact:** | Tanya Flores<br>Midland Credit Management, Inc.<br>350 Camino de La Reina<br>Ste 100<br>San Diego, CA 92108-3007 |
| **Electronic copy provided to:** | Krista Yerby |
| **Entity:** | Midland Credit Management, Inc<br>Entity ID Number 1682419 |
| **Entity Served:** | Midland Credit Management, Inc. |
| **Title of Action:** | Kyli Zito vs. Midland Credit Management, Inc. |
| **Matter Name/ID:** | Kyli Zito vs. Midland Credit Management, Inc. (11902938) |
| **Document(s) Type:** | Notice and Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Allegheny County Court of Common Pleas, PA |
| **Case/Reference No:** | AR-22-000035 |
| **Jurisdiction Served:** | Kansas |
| **Date Served on CSC:** | 01/13/2022 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Law Offices Of Eugene D. Frank, P.C.<br>412-366-4276 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.

You are hereby notified that on 01/06/2022

a COMPLAINT has been filed in this case

and you are required to serve the same on or before the

04/06/2022

Michael McGeever, Director

Department of Court Records

**HEARING INFORMATION**

Hearing Date: **03/08/2022**

Hearing Time: **9:00**

Judge: **Arbitration Panel**

Address: **Court Room 2, 7th floor**

City-County Building Pittsburgh, PA 15219

**COMPLAINT IN CIVIL ACTION**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| Plaintiff(s) |
|---|
| **Zito, Kyli** |
| Case Number:<br>**AR-22-000035** |
| Type of pleading:<br>**Complaint** |
| Filed on behalf of:<br>**Zito Kyli** |
| **Frank D Eugene** |
| (Name of filing party) |

VS

Defendant(s)

**Midland Funding LLC,**

**Midland Credit Management Inc.,**

[X] Counsel of Record

[ ] Individual, If Pro Se

Name, Address and Telephone Number:

**Frank D Eugene**

**Law Offices of Eugene D. Frank**

**3202 McKnight East Drive**

**Pittsburgh, PA, 15237**

412 3664276

412 3664276

Attorney's State ID: **89862**



Michael McGeever, Director, Department of Court Records

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

Kyli Zito,                         NO: AR-22-

    Plaintiff,

                                    TYPE OF PLEADING:

                                    **Complaint**

vs.

Midland Credit Management, Inc.
and Midland Funding LLC,

    Defendants.

                                    FILED ON BEHALF OF:
                                    **Kyli Zito, Plaintiff**

                                    COUNSEL OF RECORD:
                                    **Eugene D. Frank, Esquire**
                                    **PA ID # 89862**

                                    **3202 McKnight East Drive**
                                    **Pittsburgh, PA 15237**
                                    **(412) 366-4276 (office)**
                                    **(412) 366-4305 (fax)**
                                    efrank@edf-law.com

IN THE COURT OF COMMON PLEAS OF
ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| Kyli Zito,<br><br>Plaintiff,<br><br>vs.<br><br>Midland Credit Management, Inc.<br>and Midland Funding LLC,<br><br>Defendants. | Case No. AR-22- |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objection to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. If you cannot afford a lawyer, this office may be able to provide you with information about agencies that may offer legal services to eligible persons at a reduced fee or no fee.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

## HEARING NOTICE

YOU HAVE BEEN SUED IN COURT. The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor, City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219 on _____, _____ at 9:00 A.M. **If you fail to file the response described in the Notice to Defend, a judgment for the amount claimed in the Complaint may be entered against you before the hearing.**

## DUTY TO APPEAR AT ARBITRATION HEARING

If one or more of the parties is not present at the hearing, the matter may be heard <u>at the same time and date</u> before a judge of the court without the absent party or parties. <u>There is no right to a trial de novo on appeal from a decision entered by a judge</u>.

**NOTICE:** You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you <u>before the hearing.</u>

**If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is <u>no right to a trial de novo on appeal from a decision entered by a judge.</u>**

## IN THE COURT OF COMMON PLEAS OF
## ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| Kyli Zito,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Midland Credit Management, Inc. and Midland Funding LLC,<br><br>　　　　　　　Defendants. | Case No. AR-22- |

## COMPLAINT

**AND NOW,** comes the Plaintiff, Kyli Zito, by and through her undersigned counsel, and files this Complaint, and in support thereof avers as follows:

### Jurisdiction and Venue

1. Jurisdiction of this Court *generally* arises out of, but not limited to, the Defendant's violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), which prohibits debt collectors from engaging in abusive, false, deceptive, misleading and/or unfair practices.

2. At all relevant times herein, Defendants, Midland Credit Management, Inc. and Midland Funding LLC (collectively the "Defendants"), were engaged in the collection of delinquent consumer debts within the Commonwealth of Pennsylvania, including the County of Allegheny.

3. Venue is proper in Allegheny County, Pennsylvania pursuant to the Pennsylvania Rules of Civil Procedure.

## Parties

4. At all times mentioned herein, Plaintiff, Kyli Zito (the "Plaintiff"), was a natural person, consumer, and citizen of the Commonwealth of Pennsylvania.

5. At all relevant times herein, Plaintiff was allegedly obligated to pay a defaulted consumer debt as represented by Defendant and/or its agents/attorneys and as specifically set forth herein (the "Debt").

6. Defendant, Midland Credit Management, Inc. ("MCM"), is a corporation established in the State of Kansas with a business address located at 350 Camino De La Reina, Suite 100, San Diego, CA 92108.

7. MCM conducts business and/or attempts to collect delinquent consumer debts throughout the Commonwealth of Pennsylvania, including the County of Allegheny.

8. MCM's principal purpose is the collection of delinquent debts.

9. MCM is a servicer of Midland Funding LLC ("MF") consumer accounts and regularly attempts to collect related delinquent consumer debts for MF via phone calls to consumers and collection letters to consumers amongst other collection tactics.

10. MF is a limited liability company established in the State of Delaware with a business address located at 350 Camino De La Reina, Suite 100, San Diego, CA 92108.

11. MF conducts business and/or attempts to collect delinquent consumer debts throughout the Commonwealth of Pennsylvania, including the County of Allegheny.

12. MF's principal purpose is the collection of delinquent debts.

13. MF's sole business is the purchasing of delinquent consumer debts with the purpose of attempting to collect on those debts by way of dunning collection letters sent to the consumers, collection telephone calls made to the consumers or third parties in an

attempt to locate said consumers, filing collection lawsuits against consumers in various courts of law, and/or by reporting the delinquent debts to the credit bureaus.

14.   MCM and MF are affiliated companies sharing common owners, officers, members, managers, attorneys, and/or employees as well as addresses, phone numbers, consumer files, and/or databases.

15.   MCM and MF operate with one another and share information in their efforts to purchase and collect on delinquent consumer debts.

16.   MF does not issue credit and/or charge accounts or otherwise extend credit to consumers.

17.   At all times mentioned herein, MF directed and/or authorized MCM to act as its agent in the attempts to collect the relevant consumer debt.

18.   Defendants are "debt collectors" as defined in the FDCPA and, at all times relevant herein, acted by and/or through their owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, affiants, attorneys, affiliates and/or workmen.

19.   At all times mentioned herein, Defendant directed, retained, and/or authorized the Law Offices of Hayt, Hayt & Landau LLC ("HHL") to act as its agent or attorneys in the attempt to collect the Debt as set forth herein and communicated thereafter with HHL including, but not limited to, any outcome of collection activity related to legal action taken by HHL against Plaintiff.

20.   MF is vicariously liable for the actions of MCM as well as any other agents or attorneys assigned and/or hired to collect the relevant debt.

21.   Defendants (individually and/or collectively) regularly engage in collecting delinquent consumer debts and regularly use the mails and/or the telephone in an

attempt to collect, directly or indirectly, delinquent consumer debts allegedly owed or due or asserted to be owed or due another.

## Factual Allegations

22. Prior to the events that give rise to this action, Plaintiff retained Greg T. Artim, Esquire ("Artim") to represent her in a collection lawsuit filed by MF in the Commonwealth of Pennsylvania at Case Number CV-0000082-2017 in an attempt to collect the Debt (the "Collection Lawsuit"). All pleadings and/or other documents filed within the Collection Lawsuit are incorporated herein by reference.

23. The Debt was a consumer debt as defined in the FDCPA because Plaintiff incurred the Debt for personal, family and/or household purposes, including, but not limited to, personal necessities and retail purchases.

24. HHL was aware that Plaintiff was represented by an attorney and, upon information and belief, communicated with Defendants both during the pendency of the Collection Lawsuit as well as thereafter.

25. Shortly after the conclusion of the Collection Lawsuit, Artim sent a letter dated August 22, 2017 on behalf of Plaintiff to Defendants and HHL (the "First Attorney Letter").

26. The First Attorney Letter made it clear that Artim represented Plaintiff even after the Collection Lawsuit ended.

27. Defendants nor their agents or attorneys ever contacted Artim to determine if he still represented Plaintiff nor was Defendants provided consent from Artim prior to making the intentional business decision to communicate *directly* with Plaintiff.

28. On or about August 28, 2021, Defendants mailed or, caused to be mailed, **directly** to Plaintiff a collection letter in an attempt to collect the Debt (the "First Collection Letter").

29. The First Collection Letter is a "communication" as defined in the FDCPA given the First Collection Letter conveyed information regarding the Debt, implied the existence thereof, and attempted to induce payment of the same from Plaintiff.

30. The First Collection Letter includes a "current balance" and indicates that "[i]f you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid."

31. The First Collection Letter was a collection ploy disguising the true purpose of attempting to directly communicate with a represented consumer in an attempt to collect the Debt by suggesting Defendants do not have the attorney contact information despite previously being provided Artim's information both directly and through HHL.

32. Defendants either had knowledge of Artim's information or could have readily ascertained Artim's information.

33. On or about October 7, 2021 as a result of the First Collection Letter, Artim mailed or caused to be mailed to Defendants at two mailing addresses a letter reminding Defendants that he represented Plaintiff regarding the Debt.

34. Thereafter, Defendants with a complete indifference that they were communicating with a represented consumer directly sent to Plaintiff two additional collection letters on or about October 30, 2021 and December 12, 2021 in an attempt to collect the Debt.

35. Upon review of the collection letters, Plaintiff experienced anxiety, aggravation, mental distress, concern, frustration, inconvenience, anger and/or worry.

## Causes of Action
### Count I
### Violations of the FDCPA
### 15 U.S.C. § 1692, *et seq.*

36. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

37. There is abundant evidence of the use of abusive, deceptive, and unfair collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, marital instability and invasions of individual privacy.

38. The FDCPA was enacted, in part, due to existing laws and/or procedures being inadequate for redressing the types of injuries as set forth herein.

39. Defendants knew or should have known that their actions violated the FDCPA.

40. Defendants are subject to *strict liability* for the actions in attempting to collect the Debts as set forth herein.

41. Defendants could have taken steps necessary to bring their actions within FDCPA compliance, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

42. Because the list is non-exhaustive, a debt collection practice can be deemed a false, deceptive, materially misleading, or unfair practice even if it does not fall within any of the subsections of Sections 1692d, 1692e, and/or 1692f of the FDCPA.

43. Defendants violated the FDCPA by directly communicating with Plaintiff on multiple occasions as set forth herein when they knew or should have known Plaintiff was represented by an attorney.

44. The conduct of Defendants, their agents, servants, representatives, managers, attorneys and/or employees, as described herein was improper, misleading, deceptive, abusive, harassing and/or unfair collection practices in violation(s) of the FDCPA's communication in connection with debt collection practices at 15 U.S.C. § 1692c, harassment and abuse collection practices at 15 U.S.C. § 1692d, deceptive collection practices at 15 U.S.C. § 1692e, and/or unfair collection practices at 15 U.S.C. § 1692f.

45. As a result of Defendants' violation(s) of the FDCPA, Plaintiff is entitled to actual damages, statutory damages and reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully demands that this Court enter a judgment against Defendants not in excess of the arbitration limits for the following:

(a) Actual damages;

(b) Statutory damages;

(c) Attorneys' fees, litigation expenses and costs of suit;

(d) Such other and further relief that this Court deems just and proper.

*Plaintiff, Kyli Zito, demands a trial by jury if removed or appealed as to all issues so triable.*

**[*Rest of Page Intentionally Left Blank – Signature Page Follows*]**

Respectfully submitted,

By: */s/ Eugene D. Frank*
Eugene D. Frank, Esquire
PA ID No. 89862
Law Offices of Eugene D. Frank, P.C.
3202 McKnight East Drive
Pittsburgh, PA 15237
(412) 366-4276 - office
(412) 366-4305 – fax
efrank@edf-law.com


By: */s/ Gregory T. Artim*
Gregory T. Artim, Esquire
PA ID No. 80886
Artim Law, LLC
1751 Lincoln Highway
North Versailles, PA 15137
(412) 348-8600 – office
(412) 345-8400 – fax
greg@gregartim.com

IN THE COURT OF COMMON PLEAS OF
ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| Kyli Zito,<br><br>Plaintiff,<br><br>vs.<br><br>Midland Credit Management, Inc.<br>and Midland Funding LLC,<br><br>Defendants. | Case No. AR-22- |

## VERIFICATION

I, Kyli Zito, verify that the averments of fact contained in the foregoing *Complaint* are true and correct to the best of my knowledge and belief. I understand that these averments of fact are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

Dated: 01/05/2022

BY: */s/ Kyli Zito*
Kyli Zito
**E-signed with Permission**



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT

CERTIFIED MAIL®

Law Offices of Eugene D. Frank, P.C.
3202 McKnight East Drive
Pittsburgh PA 15237



7020 1290 0001 2041 0438





1000   66614

U.S. POSTAGE PAID
FCM LETTER
PITTSBURGH, PA
15237
JAN 06, 22
AMOUNT
$8.08
R2304M115345-03

RETURN RECEIPT REQUESTED

Midland Credit Management, Inc.
c/o Corporation Service Company
2900 SW Wanamaker Drive, Suite 204
Topeka, Kansas 66614

6661484188 C062